UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
HELADIO MARIN JIMENEZ and NAIROVY   Dkt. No.: 20-CV-5799
CALCANO-CANSECO,

**COMPLAINT**

Plaintiffs,

**DEMAND FOR JURY TRIAL**

-against-

MASK GROCERY, LLC D/B/A C-TOWN SUPERMARKET,

Defendant.
----------------------------------------------------------------------X

Heladio Marin Jimenez ("Mr. Jimenez") and Nairovy Calcano-Canseco, ("Ms. Calcano") (collectively "Plaintiffs"), by and through their attorneys, Joseph & Norinsberg, LLC, as and for their Complaint against Mask Grocery, LLC d/b/a C-Town Supermarket ("Defendant"), allege upon knowledge as to their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action based upon Defendant's violation of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 206 *et seq*.; (iii) the overtime provisions of the New York Labor Law ("NYLL"), §§ 650 *et seq.,* and New York Comp. Codes R. & Regs ("NYCCRR"), Tit. 12, § 142-2.2; (iii) the requirement that employers furnish employees with a written statement at the time of hiring containing specific categories of information under the NYLL § 195(1), as codified in the New York Wage Theft Prevention Act (the "NYWTPA"); (iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate

1

information under the NYLL § 195(3); (v) the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3); (vi) the anti-retaliation provision of the NYLL, § 215(1); (vii) the anti-discrimination and anti-retaliation provisions of the New York City Human Rights Law 8 Admin. Code of the City of New York  § 8-107; and (viii)  any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.In June of 2019, Defendant assumed the ownership and management of a Bronx C-Town Supermarket.  Defendant continued Plaintiffs' employment as supermarket clerks and unlawfully terminated their employment on January 4, 2020.

3.Defendant discriminated against Plaintiff Mr. Jimenez because of his immigration status and subjected him to disparate treatment.  As set forth below, Defendant consistently required  Mr. Jimenez to work approximately sixty (60) hours per week, but refused to pay the mandatory premium rates for the overtime hours Plaintiff worked because, in Defendant's view, "Illegals don't get overtime."  Defendant deliberately hid its unlawful compensation practices by failing to keep and provide any notices and wage statements required under the NYLL.

4.Additionally, Defendant retaliated against Plaintiffs for engaging in protected activity.  As set forth below, Defendant's principal Kamal Patel ("K.Patel) met with Mr. Jimenez and tried to convince him that his immigration status precludes his eligibility for overtime premiums.

5.When Mr. Jimenez disagreed, and asserted that he should, in fact, be paid for his overtime work, K. Patel summoned Ms. Calcano and asked her to translate and try to convince Mr. Jimenez that he wasn't entitled to overtime due to his immigration status. Ms. Calcano refused

to tell this lie, and told K.Patel that his request was illegal and discriminatory. Enraged by their objections, K.Patel abruptly terminated Plaintiffs' employment.

6. Worse still, Defendant kicked Mr. Jimenez out of the supermarket and threatened to report him to immigration authorities and send them to his house if he ever tried to make a legal claim against Defendant.

7. Accordingly, Plaintiffs seek equitable relief and monetary damages as compensation for Defendant's violations of Plaintiffs' rights under the above referenced laws protecting the rights of employees in the workplace.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as the Defendant resides within this judicial district.

## DEMAND FOR A JURY TRIAL

10. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11. Plaintiffs Mr. Jimenez and Ms. Calcano are individuals who, at all times relevant to this Complaint, have been residents of the City and State of New York.

12. At all times relevant to this complaint, Plaintiffs were employed as clerks in Defendant's C-Town Supermarket ("C-Town") located at 5696 Mosholu Avenue, in the County of the Bronx, in the City and State of New York.

13. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, NYLL and NYCHRL.

14. At all times relevant to this action, Defendant Mask Grocery, LLC d/b/a C-Town. ("C-Town"), was and is a domestic business corporation with its principal place of business located at 5696 Mosholu Avenue, in the County of the Bronx, in the City and State of New York.

15. At all times relevant to this action, Defendant was engaged in "interstate commerce," as defined by the FLSA, because it advertises, serves and contracts with vendors from states other than New York and Defendant's qualifying annual business exceeds $500,000.00. The combination of if which subjects Defendant to the FLSA's overtime requirements.

16. At all times hereinafter mentioned, Defendant exercised control over the terms and conditions of Plaintiffs' employment, in that Defendant had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment. Additionally, Plaintiff Ms. Calcano's paystubs indicate that Defendant was an entity that issued her compensation during the relevant time period. Accordingly, Defendant was the "employer" of Plaintiffs within the meaning of the FLSA, NYLL and NYCHRL.

## STATEMENT OF THE FACTS

### Heladio Marin Jimenez ("Mr. Jimenez")

*Defendant Discriminates Against Mr. Jimenez' Immigration Status and Fails to Pay Him Wages at the Mandatory Statutory Rate for Overtime Hours Worked.*

17. Mr. Jimenez began his employment as a supermarket clerk with C-Town on or about March of 2014 and maintained that position until January 4, 2020.

18. Throughout his employment tenure, Mr. Jimenez proved himself to be an excellent employee who performed various duties including stocking shelves, servicing the deli and produce department, and assisting customers.

19. On or about June of 2019, Defendant assumed ownership of C-Town and directed Mr. Jimenez to work ten (10) hours per day, six (6) days per week. On average, Mr. Jimenez worked sixty (60) hours per week.

20. Despite working twenty (20) hours of overtime per week, Defendant failed to compensate Mr. Jimenez lawful wages at the mandatory rate of one-and-one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

21. Defendant flagrantly violated the FLSA and NYLL in other respects as well.

22. For example, Defendant failed to provide Mr. Jimenez with an annual notice setting forth "the rate or rates of pay and basis thereof," among other notices, as required by NYLL § 195(1).

23. Likewise, Defendant failed to provide Mr. Jimenez with any wage statements as required by NYLL § 195(3).

24. During this time, Plaintiff learned that Defendant did not subject his co-workers to the foregoing unlawful compensation practices. When Plaintiff specifically addressed this issue with manager Mehul Patel ("M. Patel"), M. Patel's response was: "Illegals don't get overtime."

*Defendant's Unlawful Retaliation*

25. On more than one occasion, M. Patel received complaints relating to Plaintiffs' unpaid overtime premiums from other employees. Nonetheless, M. Patel dismissed these complaints and shifted blame to head manager/owner Kamal Patel.

26. In December of 2019, Mr. Jimenez became more persistent with his complaints to M. Patel and started confronting him multiple times per week about it. As a result, M. Patel agreed to arrange a meeting with K. Patel.

27. On January 4, 2020, K. Patel finally met with Mr. Jimenez to address his complaints. K. Patel told Mr. Jimenez that his immigration status precluded him from being paid overtime premiums. When Mr. Jimenez responded that he knew that was not accurate, K. Patel asked Plaintiff Ms. Calcano to join the meeting he was having with Mr. Jimenez.

28. K. Patel directed Ms. Calcano to translate for him, and ordered her to lie to Mr. Jimenez and tell him, falsely, that people without social security numbers are not allowed to be paid at a time-and-a-half rate for overtime hours worked. Ms. Calcano refused to lie in this manner, and told K. Patel that what he was doing was illegal and discriminatory.

29. Enraged by their objections, K. Patel abruptly terminated Mr. Jimenez' and Ms. Calcano's employment.

30. To make matters worse, K. Patel told Mr. Jimenez, "You are illegal," and threatened to call Immigration and Customs Enforcement ("ICE") if he did not get out of the store. Worse still, K. Patel threatened to send ICE to Mr. Jimenez' home if he ever came back and/or tried to pursue any legal claims against Defendant.

## **Nairovy Calcano-Canseco ("Ms. Calcano")**

*Defendant Retaliates Against Ms. Calcano for Participating in Protected Activity*

31. Ms. Calcano began her employment as a cashier at C-Town on or about November 2015 and maintained that position until January 4, 2020.

32. Throughout her four-year tenure at C-Town, Ms. Calcano proved herself to be a hardworking cashier valued for her fast, friendly service and her accuracy in handling customer transactions.

33. While working at C-Town, Ms. Calcano met Plaintiff Mr. Jimenez and a good working-relationship flourished between them.

34. In June of 2019, Mr. Jimenez informed Ms. Calcano that he was not being paid time-and-a-half wages for overtime hours he worked. Ms. Calcano advised Mr. Jimenez to complain to manager Mehul Patel.

35. On two occasions, Ms. Calcano advocated for Mr. Jimenez by speaking to M. Patel about the situation. However, M. Patel dismissed her complaints and told her to leave the issue alone.

36. On January 4, 2020, head manager/owner Kamal Patel asked Ms. Calcano to join the meeting he was having with Mr. Jimenez. K. Patel asked Plaintiff Ms. Calcano to translate and lie to Mr. Jimenez that people without social security numbers are not allowed to be paid at a time-and-a-half rate for overtime hours worked. Ms. Calcano refused to do so and told K. Patel that what he was doing was illegal and discriminatory.

37. Enraged by Ms. Calcano's objection and participation in protected activity, K. Patel terminated her employment.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
**(Unpaid Overtime under the FLSA, 29 U.S.C. §§ 201-219)**

38. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. As set forth below, Defendant violated Plaintiff Mr. Jimenez' rights by failing to compensate him at the statutory rate of one-and-one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) per week, in violation of FLSA, 29 U.S.C. § 207(a)(l).

40. Defendant's failure to pay lawful overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

41. By the foregoing reasons, Defendant is liable to Plaintiff Mr. Jimenez for his unpaid overtime premiums, plus liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
**(Unpaid Overtime under the NYLL § 160 et seq. and the NYCCRR)**

42. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. Defendant violated Plaintiff Mr. Jimenez' rights by failing to compensate him at the statutory rate of one-and-one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) per week, in violation of NYLL § 160 and 12 NYCCRR §142-2.2.

44. These practices were willful and lasted for the duration of all relevant time periods.

45. By the foregoing reasons, Defendant is liable to Plaintiff Mr. Jimenez for his unpaid overtime premiums, plus liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT**
**(Failure to Provide Annual Wage Notices in Violation of the NYLL § 195(1))**

46. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with an annual notice, setting forth, among other things, "the rate or rates of pay and basis thereof."

48. Defendant knowingly failed to comply with this provision by failing to provide Mr. Jimenez with any kind of annual notice whatsoever, let alone an annual wage notice, pursuant to the requirements of NYLL § 195(1)(a).

49. NYLL § 198(1)(b) provides that any employee who is not provided such notice may collect damages of $50.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees, as well as appropriate injunctive and/or declaratory relief.

50. Based on the foregoing, Defendant is liable to Plaintiff Mr. Jimenez in the amount of $5,000.00 plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT**
**(Failure to Provide Wage Statements in Violation of the NYLL § 195(3))**

51. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. Pursuant to NYLL § 195(3), every employer is required to:

> Furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis

9

>thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

53. Defendant knowingly failed to comply with this provision by failing to provide Plaintiff Mr. Jimenez with any kind of wage statement whatsoever, let alone statements meeting the requirements of NYLL § 195(3).

54. NYLL § 198(1)(d) provides that any employee who is not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

55. Based on the foregoing, Defendant is liable to Plaintiff Jimenez in the amount of $5,000.00 plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## AS AND FOR A FIFTH CAUSE OF ACTION BY AGAINSTDEFENDANT
### (Retaliation under the FLSA, 29 U.S.C. § 215(a)(3))

56. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. The Fair Labor Standards Act § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... related to" FLSA's provisions.

58. As set forth above, Defendant retaliated against Plaintiffs for engaging in protected activity.  Specifically, Defendant terminated Plaintiffs for their complaints against Defendant's failure to pay Mr. Jimenez with premium rates for the overtime hours he worked in violation of the FLSA, 29 U.S.C. § 207(a)(l).  The temporal proximity Plaintiffs' complaints and their abrupt termination give rise to an inference of retaliation.

59. As a direct and proximate result of Defendant's conduct in violation of the FLSA, Plaintiffs have suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, physical and emotional pain and suffering and loss of earnings, for which they are entitled to an award of monetary damages and other relief.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT
**(Retaliation under the NYLL § 215(1))**

60. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. New York Labor Law § 215(1) provides that "No employer ... shall discharge, threaten, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer...that the employer has violated any provision of this chapter [the Labor Law]."

62. Specifically, an employer retaliates by "threatening to contact or contacting United States immigration authorities or otherwise reporting or threatening to report an employee's suspected citizenship or immigration status" (Id.)

63. As set forth above, Defendant retaliated against Plaintiffs for engaging in protected activity.  Specifically, Defendant terminated Plaintiffs for their complaints against Defendant's failure to pay Mr. Jimenez with mandatory rates for the overtime hours he worked in violation of the NYLL, § 160.  The temporal proximity Plaintiffs' complaints and their abrupt termination give rise to an inference of retaliation.

64. Defendant also retaliated against Mr. Jimenez by responding to his complaints with threats to call and send immigration officials to his home.

65. As a direct and proximate result of Defendant's conduct in violation of the NYLL, Plaintiffs have suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, physical and emotional pain and suffering and loss of earnings, for which they are entitled to an award of monetary damages and other relief.

### AS AND FOR A SEVENTH CAUSE OF ACTION BY AGAINST DEFENDANT
**(Discrimination and Retaliation under the NYCHRL)**

66. Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment with respect to an individual's immigration status and retaliation for objecting to this unlawful conduct.

68. As set forth above, Defendant discriminated against Plaintiff Mr. Jimenez because of his immigration status and retaliated against for engaging in protected activity. Defendant refused to pay Plaintiff with required overtime premiums because "Illegals don't get overtime." Defendant's managerial employees relied on this misguided reasoning to demean and continue to exploit Plaintiff. When Plaintiff told Defendant that he disagreed, Defendant terminated his employment and harassed Plaintiff with threats to call immigration officials.

69. As set forth above, Defendant retaliated against Plaintiff Ms. Calcano for participating in protected activity and refusing to take part in Defendant's discriminatory conduct. On two occasions, when Ms. Calcano complained to Defendant about Mr. Jimenez' unpaid overtime premiums she was warned to leave it alone. On January 4, 2020, Defendant's manager directed Ms. Calcano to translate and confirm to Mr. Jimenez that people without social security numbers are not entitled to overtime premiums. Ms. Calcano refused and told Defendant's

principals that his actions were illegal and discriminatory. Immediately thereafter, Defendant terminated Ms. Calcano's employment.

70. As a direct and proximate result of Defendant's conduct in violation of the NYCHRL, Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, physical and emotional pain and suffering and loss of earnings, for which they are entitled to an award of monetary damages and other reliefs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

1. Preliminary and permanent injunctions against Defendant, and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and compelling them to undergo appropriate training and certification sessions assuring the Defendant's future compliance with major legal mandates violated in this case;

2. A judgment declaring that the practices complained of herein are unlawful and the acts of the Defendant are in violation of the aforementioned and applicable laws;

3. All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's conduct, and for emotional distress, humiliation, embarrassment, pain, suffering and anguish;

4. Front pay to Plaintiffs until such time as they can be placed in the same positions they would have occupied but for Defendant's unlawful conduct;

5. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless and/or intentional conduct;

6. Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
July 27, 2020

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Jon L. Norinsberg, Esq.
Diego O. Barros, Esq.
110 East 59th Street, Suite 3200
New York, New York 10022
Tel: (212) 227-5700
Fax: (212) 656-1889
Email: diego@norinsberglaw.com
*Attorneys for Plaintiffs*

TO: Mask Grocery, LLC d/b/a C-Town
5696 Mosholu Avenue
Bronx, New York 10471
Attn: Jaimin Patel
*Defendant*